HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN JAY TARSIA,<br><br>                     Plaintiff,<br><br>          v.<br><br>JOINT BASE LEWIS McCHORD<br>PROVOST MARSHAL OFFICE, et al.,<br><br>                     Defendant. | CASE NO. C15-05739<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

**INTRODUCTION**

THIS MATTER is before the Court on Defendant Christopher Koch's Motion for Summary Judgment. Dkt. #45. Koch arrested Plaintiff Christian Tarsia for bringing a firearm onto Joint Base Lewis McChord (JBLM). During the arrest, Koch collected a DNA sample from Tarsia.[1] Tarsia sued Koch, two other officers involved, and JBLM for unconstitutionally collecting his DNA and for threatening him with physical force. Dkt. #1. Koch seeks summary judgment on Tarsia's claims against him, arguing that he acted pursuant to federal statutes and Department of Defense (DOD) policy.  Koch does not, however, cite or discuss any authority

---

[1] It appears Tarsia's DNA may have since been expunged. Dkt. #43 at 5. However, this process took years longer than it should have.

directly addressing the constitutionality of these laws, or of his actions. By focusing on statutes and policies instead of directly addressing the constitutionality of the DNA collection, Koch has failed to establish that he is entitled to judgment as a matter of law. Furthermore, there remains a factual issue as to whether Koch threatened Tarsia or not. For these reasons, Koch's motion for summary judgment is denied.

## BACKGROUND

On December 2, 2013, Tarsia drove onto JBLM from the DuPont Gate to drop his wife off at work. His car was selected for a random search, which was conducted by Charles Sikes. During the search, Sikes found a 9mm pistol in a pocket behind the passenger seat and learned that it had a round in the chamber. A desk sergeant told Tarsia that he would be charged with violating 18 U.S.C. § 930. Christopher Koch then drove Tarsia to the Provost Marshal Office and gave him a form stating, "It is mandatory that US Persons who are arrested . . . cooperate in the collection of a sample of his or her DNA. Failure to do so may result in samples taken by the minimum force necessary and (additional legal punishment)." Tarsia did not consent to a collection of his DNA, but allowed a sample to be taken.

## DISCUSSION

### A. Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must *view all evidence in the light most favorable to the nonmoving party* and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S. Ct. 2505 (1986) (emphasis added); *Bagdadi v. Nazar*,

1  84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).  Once the movant has met this burden, the nonmoving party must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248. "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). A mere "scintilla of evidence" is also not enough; the nonmoving party must present "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

B.  **DNA collection**

Tarsia contends that Koch violated his constitutional rights by taking a sample of his DNA. Koch argues that the DNA collection was lawful because federal law and DOD

instructions permitted it. Indeed, Congress allows for the collection of DNA from pre-trial arrestees, no matter the extent of the federal crime. 34 U.S.C. § 40702(a)(1)(A). Post-conviction felons, on the other hand, receive more protections. 34 U.S.C. § 40702(a)(1)(B), (b), (d) (requiring conviction of a "qualifying" federal offense for legitimate DNA collection and retention in the Combined DNA Index System (CODIS)).

While this may seem counterintuitive, the Supreme Court upheld the constitutionality of a similarly structured Maryland statute[2] authorizing DNA collection from arrestees of serious crimes:

> [T]he Court concludes that DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure. When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.

*Maryland v. King*, 569 U.S. 435, 465-66, 133 S. Ct. 1958 (2013). *King* explained that the government has a substantial interest in identifying arrestees and emphasized that "a suspect's criminal history is a critical part of his identity that officers should know when processing him for detention." *Id*. at 450. Lower courts have liberally applied this reasoning. *See, e.g., Haskell v. Harris*, 745 F.3d 1269, 1273 (9th Cir. 2014) (Act requiring DNA collection from adults arrested for felonies does not violate the Fourth Amendment); *United States v. Kriesel*, 720 F.3d 1137, 1146 (9th Cir. 2013) (the retention of blood samples furthers the government's interest in identification by "ensuring the accuracy of the CODIS profile match").

---

[2] Maryland's statute authorized DNA collection for "crime[s] of violence or an attempt to commit a crime of violence; or . . . burglary or an attempt to commit burglary." Under Maryland law, crimes of violence include "murder, rape, first-degree assault, kidnaping, arson, sexual assault, and a variety of other serious crimes." *Id*. at 443.

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

*King* also recognized that its holding "implicates more than the specific Maryland law" at issue, as other DNA-collection statutes "vary in their particulars, such as what charges require a DNA sample." *King*, 569 U.S. at 445–46. Indeed, despite the Maryland statute's emphasis on serious crimes, *King* did not explicitly limit the constitutionality of DNA collection to such offenses.

A dissenting Justice Scalia attacked the majority's broad holding, asserting that "[i]f one believes that DNA will 'identify' someone arrested for assault, he must believe that it will 'identify' someone arrested for a traffic offense." *Id*. at 481 (Scalia, J. dissenting). He reasoned that "an entirely predictable consequence of today's decision [is that] your DNA can be taken [and] entered into a national DNA database if you are ever arrested, rightly or wrongly, and for whatever reason." *Id*. at 482. But the majority did not necessarily agree that its holding was so broad.

**C. Koch has not shown that he is entitled to judgment as a matter of law**

Koch has failed to demonstrate that he did not violate the constitution by collecting Tarsia's DNA. Koch bases his argument for summary judgment on the permissibility of his actions under 34 U.S.C. § 40702(a)(1)(A), 28 C.F.R. § 28.12, and DOD Instructions 5505.11, 5055.14. Dkt. #45. While it does appear that Koch legitimately collected Tarsia's DNA pursuant to these laws, compliance with them does not necessarily render his actions *constitutional*. Indeed, Koch barely addresses the constitutionality of his actions, does not address *King*, and cites only two non-precedential cases ruling on the collection of DNA from pre-conviction arrestees.[3] Dkt. #48.

---

[3] *United States v. Buller*, 2018 WL 317820 (D.S.D. Jan. 5, 2018) (unpublished); *United States v. Fricosu*, 844 F.Supp.2d 1201 (D. Colo. 2012).

It is somewhat perplexing as to why Koch did not acknowledge a holding as relevant to his argument as *King*, but the fact remains that he did not—and this court will not make his case for him. Furthermore, a genuine issue of material fact remains as to whether Koch made a threat against Tarsia. Koch is not entitled to summary judgment under these circumstances.

**CONCLUSION**

For the above reasons, Defendant Koch's Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

…

Dated this 20th day of May, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge